UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER DMETRI NAILING,<br><br>        Plaintiff,<br><br>    v.<br><br>J. COTA, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00565-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, WITHOUT LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

      Xavier Dmetri Nailing ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed the complaint commencing this action on April 26, 2018. (ECF No. 1). Plaintiff alleges that his classification chrono at Avenal State Prison initially and mistakenly listed two sex offenses in his history. This classification was quickly corrected when Plaintiff told the committee it was wrong.

      The Court has screened the complaint under the applicable legal standards and finds that it fails to state a claim for violation of Plaintiff's constitutional rights. The Court explains the legal standards below and recommends that the assigned district judge dismiss this case without leave to amend. If Plaintiff believes that the Court's recommendation is in error, Plaintiff should file objections within 21 days of the date of service of this order.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff arrived at Avenal State Prison on December 6, 2017. Defendant R. Jimenez asked Plaintiff to go to Classification on December 10, 2017. On December 11, 2017, Plaintiff

went to Classification.  At Classification, Defendant R. Jimenez asked Defendant J. Cota "Do you want to review case factors?"  Defendant J. Cota responded "No."

On December 20, 2017, Plaintiff went to see Defendant R. Jimenez in his office. Plaintiff requested a copy of the CDCR 128G Chrono that is generated for all inmates.  The CDCR 128G Chrono is an overall review of an inmate's current and past felony criminal history, and must be approved by all the classification members.

Plaintiff was at that time (presumably December 20, 2017) given a copy of his 128G Chrono.  Plaintiff noticed that under "sex offenses" it stated that he had been arrested for P.C. 647.6.b.  Under the felony sentencing handbook, that crime refers to child molestation after entering an inhabited dwelling without consent.  The chrono also included a listing for P.C. 647.6B, disorderly conduct: prostitution.  The chrono also indicated that the "R" suffix review was not required.

Plaintiff was assaulted when a similar issue arose years earlier.  He feared for his life while the chrono was incorrect.

Plaintiff immediately filed a 602 asking for a correction to the chrono.  Defendant J. Coto interviewed Plaintiff about the classification.  Defendant K. Bay was the correctional counselor who had included the false information.  Defendant K. Bay was charged with reviewing case files and records prior to listing information of any case factor.

Once Plaintiff filed a 602, Defendants J. Cota and R. Ndoh corrected the information and they requested Plaintiff withdraw the 602.

Plaintiff alleges that Defendants were deliberately indifferent when they violated their own interdepartmental policy by allowing Defendant J. Cota to respond to the 602.  Defendants subjected Plaintiff to substantial risk of serious harm by not correctly reviewing Plaintiff's case factors. Defendants J. Cota, R. Jimenez, and K. Bay disregarded the risk of harm by failing to take reasonable measures to address the issue in their review.

Plaintiff asserts an equal protection challenge on the basis that "Plaintiff[']s case factors in prison are a quasi[-]suspect clasification [sic]."

///

### III. DISCUSSION

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to a serious threat to the inmate's safety. Id. at 834. "'Deliberate indifference' has both subjective and objective components." Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" Labatad, 714 F.3d at 1160 (quoting Farmer, 511 U.S. at 847).

Plaintiff alleges that his classification chrono wrongfully listed prior sex offenses. The classification was corrected as soon as it was brought to the classification committee's attention, within weeks after the document was created. Plaintiff was not injured as a result of the classification. He was not even threatened with injury. Plaintiff does not allege that any inmate saw the wrong classification or knew about it. The classification itself stated that Plaintiff would not be designated with an "R" suffix.

Plaintiff's allegations do not establish a claim for cruel and unusual punishment. Plaintiff has not established that he was placed at excessive risk to his safety. The fact that a sex offense was wrongly and temporarily on a document does not itself pose an excessive risk. It was an internal document, not circulated to inmates. He was not assigned an "R" suffix that could have identified him to inmates. He caught the error during a review of the classification, shortly after it was done. He was not injured or threatened with injury.

Moreover, Plaintiff's allegations do not establish that Defendants were deliberately indifferent to his safety. Plaintiff merely alleges that Defendants should have caught the error, not that they deliberately misclassified him. In fact, two of the defendants quickly fixed the

error when Plaintiff brought it to their attention. In any event, Plaintiff's allegations do not establish that any defendant believed that putting the offenses on the chrono itself, without any "R" label or other announcement to inmates, exposed Plaintiff to an excessive risk to Plaintiff's health and safety.

Other courts facing similar allegations have held that merely alleging that a defendant misclassified a plaintiff as having a sex offense is insufficient to state a claim for violation of the Eighth Amendment. Ellis v. Johnson, 2017 WL 2986583, at *5 (C.D. Cal. 2017) (alteration in original) (dismissing first amended complaint without leave to amend, stating "Plaintiff alleges all three defendants were aware that inmates with an R suffix 'have often, in the past, and current affairs [sic], been assaulted leading to serious injury, by other prison inmates.' (FAC at 4–7.) Plaintiff does not allege that he has been attacked or threatened with attack. Plaintiff does not allege that other inmates know of Plaintiff's R suffix classification and that Defendants are aware of that knowledge. Plaintiff alleges he has difficulty sleeping, eating and attending to unspecified 'work related obligations due to' his 'looking over [his] shoulder, anticipating being attacked, due to the discovery of [the] 'R' suffix.' (*Id.* at 5.) These allegations in the FAC are insufficient to state a failure to protect claim."); Petillo v. Kearnan, 2017 WL 1520078, at *4 (S.D. Cal. 2017) (footnote and internal citations omitted) ("There are no facts from which the Court could conclude that any Defendant acted with 'deliberate indifference' to a serious risk of harm to Plaintiff. Plaintiff does not allege, in any way, that apart from having the "R" suffix that any named Defendant was actually aware of any known, specific threats to Plaintiff's safety. Plaintiff does not allege that any of the named Defendants were aware that other inmates allegedly knew of Plaintiff's classification status. Here, the Court finds that Plaintiff fails to allege that any Defendant was aware of any facts demonstrating an 'obvious' risk and failed to take any action. For these reasons, the Court finds Plaintiff's failure to protect claims against all Defendants also must be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1)."); Barno v. Ryan, 399 Fed.Appx. 272, 273 (9th Cir. 2010) ("The district court properly dismissed Barno's deliberate indifference claim because Barno failed to allege that he suffered any injury or threat

of harm other than the allegedly erroneous classification itself, possible loss of a prison job, and temporary restrictions on visitations with minors.").[1]

The equal protection clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439(1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class, Hartmann, 707 F.3d at 1123 Furnace, 705 F.3d at 1030, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008), Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008), North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff does not sufficiently allege that he was discriminated against based on his membership in a protected class. Plaintiff alleges that "Prison officials/Defendants cannot treat someone/prisoner's [sic] differently than the defendant treat others without reason: the reason upon information and belief is Plaintiff's suspect classification." Plaintiff does not sufficiently allege any suspect classification and does not allege that Defendants misidentified his criminal history for any reason besides mistake. These allegations do not state an equal protection claim.

**IV.    CONCLUSION AND RECOMMENDATIONS**

The Court has screened the complaint, and finds that it fails to state a claim under the relevant legal standards.

The Court does not recommend granting leave to amend. Plaintiff clearly alleged the

---

[1] The Court recognizes that Barno was not published and cites it as an example of application of settled Ninth Circuit law to this factual scenario.

circumstances underlying his complaint, and the Court has found that those circumstances do not state a constitutional violation for the reasons described in this order. For that reason, leave to amend would be futile.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case be DISMISSED for failure to state a claim;[2] and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 30, 2018**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] This Court believes this dismissal would be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015).